UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Sep 02, 2010

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2015 |

### MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 5 OF BERNARDO AND CAROL BETTINELLI, MARIO AND MARIA PIEDRA AND DELMY BARRERRA

Bernardo and Carol Bettinelli, Mario and Maria Piedra, and Delmy Barerra, on behalf of themselves and all others similarly situated ("Plaintiffs"), as putative class representatives in the matter entitled *Bettinelli, et al. v. World Savings Bank FSB n/k/a Wachovia Mortgage FSB*, C.A. No. 1:09-11079-MLW (D. Mass.) ("*Bettinelli*") hereby move to vacate Conditional Transfer Order Number 5 in the above–captioned multi-district litigation, to the extent it implicates *Bettinelli*. The Judicial Panel on Multi-District Litigation ("JPML") should vacate Conditional Transfer Order Number 5 for the reasons set forth in the accompanying memorandum of law.

WHEREFORE, for the reasons set forth in the accompanying memorandum of law, the JPML should vacate Conditional Transfer Order Number 5 to the extent that it requires the transfer of *Bettinelli* into the above-captioned MDL and allow *Bettinelli* to proceed undisturbed before Hon. Mark L. Wolf in the District of Massachusetts.

Respectfully Submitted,

Bernardo and Carol Bettinelli, Mario and
Marie Piedra and Delmy Barrera,

By their attorneys,

*/s/ Kevin Costello*
Gary Klein BBO #560769
Shennan Kavanagh BBO #655174
Kevin Costello BBO #669100
Roddy Klein & Ryan
727 Atlantic Ave., 2nd Floor
Boston, MA  02111
Tel. 617-357-5500

Dated: September 2, 2010

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Sep 02, 2010

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, Kevin Costello, hereby certify that this document, filed by electronic mail, will
be sent electronically to the participants as identified on the attached Service List on
September 2, 2010.

*/s/ Kevin Costello*
Kevin Costello

IN RE: WACHOVIA CORP. "PICK-A-PAYMENT"
MORTGAGE MARKETING AND SALES
PRACTICES LITIGATION                                    MDL No. 2015


## PANEL SERVICE LIST (Excerpted from CTO-5)

Bernardo Bettinelli, et al. v. Wells Fargo Home Mortgage, Inc., D. Massachusetts,
   C.A. No. 1:09-11079 (Judge Mark L. Wolf)


David Mills Arbogast
ARBOGAST & BERNS LLP
19510 Ventura Boulevard
Suite 200
Tarzana, CA 91356
**darbogast@law111.com**

David M. Bizar
SEYFARTH SHAW
World Trade Center East, Suite 300
Two Seaport Lane
Boston, MA 02210
**DBizar@seyfarth.com**

Mark B. Blocker
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
**mblocker@sidley.com**

Kevin Costello
RODDY KLEIN & RYAN
727 Altantic Ave
2nd Floor
Boston, MA 02111
**costello@roddykleinryan.com**

T. Thomas Cottingham III
WINSTON & STRAWN LLP
214 N. Tryon Street
Charlotte, NC 28202
**tcottingham@winston.com**

Valeriano Diviacchi
DIVIACCHI LAW OFFICE
111 Beach Street 1A
Boston, MA 02111-2532
**val@diviacchi.com**

Jocelyn L. Dyer
DONNELLY CONROY & GELHAAR LLP
One Beacon Street
33rd Floor
Boston, MA 02108
**jld@dcglaw.com**

William H. Garvin III
GARVIN & MILLES
1582 Village Square Blvd.
Tallahassee, FL 32309
**wgarvin@garvinlawfirm.com**

E. David Hoskins
LAW OFFICES OF E DAVID HOSKINS LLC
The Quadrangle at Cross Keys
2 Hamill Road Suite 362
Baltimore, MD 21210
**dhoskins@hoskinslaw.com**

Daniel O. Myers
RICHARDSON PATRICK WESTBROOK &
BRICKMAN LLC
1037 Chuck Dawley Blvd.
Building A
P.O. Box 1007
Mount Pleasant, SC 29465
**dmyers@rpwb.com**

Ariella L. Omholt
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
**aomholt@sidley.com**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Sep 02, 2010

FILED
CLERK'S OFFICE

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2015 |

### MEMORANDUM IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 5 OF BERNARDO AND CAROL BETTINELLI, MARIO AND MARIA PIEDRA AND DELMY BARRERRA

Bernardo and Carol Bettinelli, Mario and Maria Piedra, and Delmy Barerra, on behalf of themselves and all others similarly situated ("Plaintiffs"), as putative class representatives in the matter entitled *Bettinelli, et al. v. World Savings Bank FSB n/k/a Wachovia Mortgage FSB*, C.A. No. 1:09-11079-MLW (D. Mass.) ("*Bettinelli*") hereby move to vacate Conditional Transfer Order Number 5 in the above–captioned multi-district litigation ("MDL"), to the extent that it requires transfer of *Bettinelli*. The Judicial Panel on Multi-District Litigation ("JPML") should deny the effort of Wachovia Corp. ("Wachovia" or "Defendant") to transfer *Bettinelli*, a putative class action encompassing only Massachusetts borrowers, for two primary reasons. First, *Bettinelli* involves intricate issues unique to Massachusetts law. Second, the Defendant's late identification of this matter as a tag-along case is an improper effort to manipulate the federal courts for its own advantage. For these reasons, as explained below, the JPML should allow *Bettinelli* to continue uninterrupted before Judge Wolf in Massachusetts.

**I.      Transfer of *Bettinelli* Would Not Promote the Just and Efficient Conduct of the Action Because it Implicates Important and Unique Issues of Massachusetts Law**

The gravamen of the *Bettinelli* complaint is that Defendant made Payment Option Arm ("POA") loans to Massachusetts homeowners on terms that Defendant knew offered no prospect of repayment from the borrower's income or assets other than by refinance or foreclosure, in violation of Massachusetts consumer protection law.  As the Defendant was well aware when it made the loan, Plaintiffs do not have income or income prospects to make amortizing payments, but rather are doomed to foreclosure unless the Court intervenes.  Foreclosure would be catastrophic to the Bettinellis and other similarly situated homeowners.

*Bettinelli* falls squarely within the genus of claims cognizable under the Massachusetts Supreme Judicial Court's ("SJC") decision in *Commonwealth v. Fremont Investment & Loan,* 452 Mass. 733, 743 (2008) ("*Fremont*").  In *Fremont*, the Massachusetts Attorney General sought to halt foreclosures by a subprime mortgage lender because it was alleged to have violated Massachusetts' consumer protection statute, Mass. G.L. c. 93A.  The SJC approved of the Attorney General's argument that loans originated by the Defendant bearing certain characteristics should be presumed "structurally unfair" under G.L. c. 93A because such loans were doomed to fail.  These characteristics included adjustable rate mortgages with "teaser rates," high debt-to-income ratios (when measured against the fully-indexed rate, rather than the initial rate), and high loan-to value ratios or prepayment penalties.  *Fremont*, 452 Mass. 739. According to the SJC, the record supported the notion that "[the Defendant]'s actions, in originating loans with terms that in combination would lead predictably to the consequence of the borrowers' default and foreclosure, were within established concepts

- 2 -

of unfairness . . . ." *Id.*, 452 Mass. at 743.  Stated simply, the holding of *Fremont* is that a

loan may be found to have violated the prohibition on unfair and deceptive practiced

contained in G.L. c. 93A if it is shown that the originating lender knew or had reason to

know that the predictable result of the loan would be default and foreclosure.  That is

precisely what Plaintiffs have pled here.  The Second Amended Complaint in *Bettinelli*

alleges that the originating lender on the loans at issue knew that borrowers would not be

able to afford payments at the amortizing rate.[1]  Second Amended Compl., ("SAC") ¶¶

21, 34, 38.

     Moreover, the *Fremont* decision highlights the degree to which G.L. c. 93A is a

unique statutory scheme, with its own highly particular provisions, history and

jurisprudence.  For instance, one argument raised by the *Fremont* defendant that may

become an issue in *Bettinelli* concerns the legality of the challenged conduct.  In

*Fremont*, the SJC engaged in an extensive review of Chapter 93A's unfairness standard.

In so doing, it rejected the Defendant's argument that because the loans at issue were not

otherwise illegal, they could not, as a matter of law, violate G.L. c. 93A.  This rejection

required the Court to synthesize diffuse elements of G.L. c. 93A law.  *Id.* 452 Mass. at

750, *citing, inter alia,* G.L. c. 93A, § 2, and *Kattar v. Demoulas,* 433 Mass. 1, 13 (2000)

("Legality of underlying conduct is not necessarily a defense to a claim under c. 93A").

     Because of the degree to which *Bettinelli* requires the Court to employ expertise

in Massachusetts law, the prerequisite in 28 U.S.C. § 1407 that a transfer promote the just

and efficient conduct of the action is severely undermined.  The District of Massachusetts

---

[1] In addition to the state statutory count alleging unfair and deceptive practices, the
Second Amended Complaint contains common law counts negligent/improper
underwriting, unconscionability, and/or illegality, illegal contract terms, unjust
enrichment and a count for declaratory relief.

- 3 -

is particularly well equipped to hear these claims because of the expertise that it has developed in Chapter 93A law. Its familiarity with the Massachusetts statutory scheme and the history and jurisprudence of Chapter 93A will be critical to the adjudication of these claims. Furthermore, the Court has already had the *Bettinelli* matter before it for over one year, with the parties filing complete briefing on a motion to dismiss. The transfer of the case to the Northern District of California, where the transferee Court has no expertise or experience in the adjudication of this or any other Chapter 93A claim, would not promote the just and efficient conduct of this case.

## II.      Defendant's Late Tag-Along Designation Reveals an Ulterior Motive

The JPML should refuse to transfer *Bettinelli* for the additional reason that Defendant's designation of the case as a tag-along comes long after its obligation to do so arose. Rules 7.2 and 7.5 of the JPML Rules require the Defendant to notify the Panel promptly if it believed *Bettinelli* to be a tag-along action.[2] This MDL procedure began on February 13, 2009 and *Bettinelli* was filed on June 23, 2009. Yet the Defendant did not notice *Bettinelli* as a tag-along until thirteen (13) months after it was filed, on July 9, 2010. This delay can hardly be characterized as prompt.

The JPML has refused to transfer cases in circumstances where it discerns an ulterior motive on the part of the moving party. *In re Highway Acc. Near Rockville, Connecticut on Dec. 30, 1972*, 388 F. Supp. 574, 576 (Jud. Pan. Mult. Lit. 1975)

---

[2] Rule 7.2(i) states: "Any party or counsel in a new group of actions under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential tag-along action in which that party is also named or in which that counsel appears." Rule 7.5(e) states: "Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential 'tag-along actions' in which that party is also named or in which that counsel appears."

(attempted transfer for an ulterior motive amounts to a misuse of the statute);  *In re Truck Acc. Near Alamagordo, New Mexico on June 18, 1969*, 387 F. Supp. 732, 734 (Jud. Pan. Mult. Lit. 1975)  (same).

Here, the record evidences a strategic decision made by the Defendant who has decided to change course midstream.  Despite the fact that *Bettinelli* has been pending for over one year, and despite the long-ago passage of the time allowed to notify the JPML of its belief that it is a tag-along case, Defendant has now decided that it would prefer to have *Bettinelli* heard elsewhere.  Nothing material has changed in *Bettinelli* – the basic facts concerning the putative class and the legal theories on which it seeks relief remain as they were in June 2009.  There is no other explanation for this delay other than as a strategic maneuver, using the federal court system to Defendant's own advantage.  In this case, the Defendant wishes to remove these state-specific claims from the federal court most appropriately positioned to hear them to a California court that has no reason to have a background in Massachusetts consumer protection law.  The Defendant's ulterior motive is a desire to move the case to a forum where the potential that its mischaracterizations of the Plaintiffs' claims are far more likely to result in their being misunderstood.  Just as the JPML has previously rejected transfer where an ulterior motive was detected, so too should that reasoning be applied in these circumstances.

## CONCLUSION

For the reasons discussed herein, the *Bettinelli* Plaintiffs move to vacate Conditional Transfer Order Number 5 to the extent that it requires transfer of *Bettinelli* to the MDL.  The *Bettinelli* matter should be allowed to proceed undisturbed before Judge Wolf.

Respectfully Submitted,

Bernardo and Carol Bettinelli, Mario and
Marie Piedra and Delmy Barrera,

By their attorneys,

/s/ Kevin Costello
Gary Klein BBO #560769
Shennan Kavanagh BBO #655174
Kevin Costello BBO #669100
Roddy Klein & Ryan
727 Atlantic Ave., 2nd Floor
Boston, MA  02111
Tel. 617-357-5500

Dated: September 2, 2010

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Sep 02, 2010

FILED
CLERK'S OFFICE

**CERTIFICATE OF SERVICE**

I, Kevin Costello, hereby certify that this document, filed by electronic mail, will
be sent electronically to the participants as identified on the attached Service List on
September 2, 2010.

/s/ Kevin Costello
Kevin Costello

- 6 -

IN RE: WACHOVIA CORP. "PICK-A-PAYMENT"
MORTGAGE MARKETING AND SALES
PRACTICES LITIGATION                                          MDL No. 2015


## PANEL SERVICE LIST (Excerpted from CTO-5)

Bernardo Bettinelli, et al. v. Wells Fargo Home Mortgage, Inc., D. Massachusetts,
   C.A. No. 1:09-11079 (Judge Mark L. Wolf)


David Mills Arbogast
ARBOGAST & BERNS LLP
19510 Ventura Boulevard
Suite 200
Tarzana, CA 91356
**darbogast@law111.com**

David M. Bizar
SEYFARTH SHAW
World Trade Center East, Suite 300
Two Seaport Lane
Boston, MA 02210
**DBizar@seyfarth.com**

Mark B. Blocker
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
**mblocker@sidley.com**

Kevin Costello
RODDY KLEIN & RYAN
727 Altantic Ave
2nd Floor
Boston, MA 02111
**costello@roddykleinryan.com**

T. Thomas Cottingham III
WINSTON & STRAWN LLP
214 N. Tryon Street
Charlotte, NC 28202
**tcottingham@winston.com**

Valeriano Diviacchi
DIVIACCHI LAW OFFICE
111 Beach Street 1A
Boston, MA 02111-2532
**val@diviacchi.com**

Jocelyn L. Dyer
DONNELLY CONROY & GELHAAR LLP
One Beacon Street
33rd Floor
Boston, MA 02108
**jld@dcglaw.com**

William H. Garvin III
GARVIN & MILLES
1582 Village Square Blvd.
Tallahassee, FL 32309
**wgarvin@garvinlawfirm.com**

E. David Hoskins
LAW OFFICES OF E DAVID HOSKINS LLC
The Quadrangle at Cross Keys
2 Hamill Road Suite 362
Baltimore, MD 21210
**dhoskins@hoskinslaw.com**

Daniel O. Myers
RICHARDSON PATRICK WESTBROOK &
BRICKMAN LLC
1037 Chuck Dawley Blvd.
Building A
P.O. Box 1007
Mount Pleasant, SC 29465
**dmyers@rpwb.com**

Ariella L. Omholt
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
**aomholt@sidley.com**